IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONALD BLAIR,                    )
                                 )
        Plaintiff,                )
                                 )
    vs.                          )        Case No. 13 C 2558
                                 )
ILLINOIS DEPARTMENT OF HUMAN     )
SERVICES and L.K. McINTOSH,      )
                                 )
        Defendants.               )

## ORDER ON DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendants, the Illinois Department of Human Services (IDHS) and L.K. McIntosh, a supervisory employee with that agency, have moved to dismiss certain claims in the amended complaint by Donald Blair, a former IDHS employee. Blair originally filed a *pro se* complaint that, in the caption, identified only IDHS as a defendant. The Court later appointed counsel to represent him. Counsel filed an amended complaint on January 2, 2014 that named McIntosh as a defendant both in the caption and in the body of the complaint.

1. IDHS moved to dismiss Blair's claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964 based on sovereign immunity. Blair does not oppose dismissal of these claims as to IDHS. For this reason, Counts 1 and 2 are dismissed as to IDHS, and the Title VII claim (but not the Age Discrimination in Employment Act claim) in Count 3 is likewise dismissed as to IDHS.

2. McIntosh moved to dismiss Blair's claims under Title VII and the ADEA on the ground that because he was not Blair's employer, he is not a proper defendant on those claims. Blair does not oppose dismissal of these claims as to McIntosh. For this reason, Count 3 (which contains both Title VII and ADEA claims) is dismissed as to McIntosh.

3. McIntosh moved to dismiss Blair's section 1981 claim but withdrew that challenge in his reply.

4. The only remaining issue concerns McIntosh's request to dismiss Blair's section 1983 claim against him on the ground that it is time-barred. The parties agree that the statute of limitations for section 1983 claims in Illinois is two years. Blair was terminated by IDHS on June 9, 2011. McIntosh takes the position that he was first

named as a defendant in the amended complaint filed in January 2014, well over two years after Blair's claim accrued.

Blair filed his original *pro se* complaint on April 5, 2013, using a form for *pro se* employment discrimination claims supplied by the Clerk's office. In the caption, he identified only IDHS as a defendant. In paragraph 3, however, he stated as follows (the underscored portions are the parts that Blair filled in; the other portions are contained on the form):

> 3. The defendant is <u>L.K. McIntosh, State of Illinois, Department of Human Services</u>, whose street address is <u>8001 S. Cottage Grove</u>, (city) <u>Chicago</u> (county) <u>Cook</u> (state) <u>Illinois</u> (ZIP) <u>60619</u>. (Defendant's telephone number) <u>(773)-602-4321</u>.

In short, Blair specifically identified McIntosh as a defendant. In addition, in the body of his *pro se* complaint, Blair made it clear that he was complaining about allegedly discriminatory treatment by McIntosh.

Blair paid the filing fee, so he dealt with service of summons on his own. The summons that Blair filled out and then caused to be served listed the same case caption (listing only IDHS as a defendant), but it was specifically directed to L.K. McIntosh. *See* Dkt. Entry 6.

Most of the parties' argument on the motion to dismiss concerns the relation-back rule of Federal Rule of Civil Procedure 15(c)(1)(C). Were this the issue, the Court would decline to dismiss the complaint, because the odds are fairly strong that McIntosh got actual notice of Blair's original claim and knew or should have known that he was or should have been named as a defendant. But that is not really the issue. The original complaint did, in fact, name McIntosh as a defendant. He was not identified in the caption, but that is not controlling, because he was specifically named in the body of the complaint. For this reason, the amended complaint unquestionably relates back to the date of the original filing, pursuant to Rule 15(c)(1)(B). McIntosh's timeliness challenge therefore fails.

## Conclusion

In summary, the Court dismisses Counts 1, 2, and the Title VII claim in Count 3 as to IDHS; dismisses Count 3 in its entirety as to McIntosh; and otherwise denies the motion to dismiss. Defendants are directed to answer the remaining claims by no later than May 22, 2014.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 8, 2014